IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**September 30, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**COREY R.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-492**   (Fam. Ct. of Jackson Cnty. Case No. FC-18-2023-D-189)

**ASHLEY R.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Corey R. ("Father")[1] appeals the Family Court of Jackson County's November 20, 2024, order that denied his petition to modify custodial allocation. Respondent Ashley R. ("Mother") filed a response in support of the family court's order.[2] Father did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are the parents of two minor children and were divorced by a final divorce order entered on May 2, 2024. The final divorce order stated the following:

[Father] shall have supervised parenting, supervised by the [Mother's] parents for a 2-4 hour period two (2) times per week. The Father must work with [Mother's] parents to set up this parenting to find mutually acceptable dates and times.

The [c]ourt further FINDS that there is the existence of [West Virginia Code § 48-9-209] limiting factors, specifically [Father's] drug abuse, that overcome the [50-50] presumption under § 48-9-209, and further support

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father and Mother are both self-represented.

1

[Mother's] proposed parenting plan. The [c]ourt finds the parenting plan outlined below is in the children's best interest. [Father] has not taken any meaningful steps to address his substance abuse issues. The [c]ourt has grave concerns over his ability to adequately supervise and protect his child, absent serious substance abuse intervention. Further the [c]ourt has concerns over [Father] following orders as [Father] has inexplicably failed to do so in this matter thus far.

On September 25, 2024, Father submitted to a hair follicle drug screen that resulted in a negative screen. Two days later, on September 27, 2024, Father filed a petition to modify the May 2, 2024, final divorce order, seeking 50-50 custody of the parties' children. In support of his petition, Father asserted that he had met all court-ordered requirements, which included a hair follicle drug test and the completion of a state-approved parenting class. Father further alleged that he was working full-time and was fully capable of caring for his children. Mother objected to Father's petition.

On November 13, 2024, the family court held a final hearing on Father's petition to modify. By final order entered on November 20, 2024, the family court denied Father's petition. The court found that Father failed to prove that there had been a substantial change in circumstances. Specifically, the family court explained that while it commended Father for his sobriety, Mother's testimony that Father had a history of short periods of sobriety followed by relapse was credible and "given the short amount of time that has passed since [Father's] drug screening . . . little weight [could be given] to his brief sobriety as a factor to warrant a modification." The family court noted that the final divorce order clearly stated that the court had serious concerns about Father's drug use and that he would need substance abuse intervention to ensure the court of his ability to remain sober and see to the needs of the children. The family court found that Father presented no evidence of substance abuse intervention.

Further, the family court found that Father had voluntarily forfeited his allocated parenting time with the children, stating that while Father aspired to be a sole caregiver for the children, they had not seen him in over five months. The court explained that Father testified that he was uncomfortable around Mother's parents for parenting time but found that he had not considered the comfort of his children given his proposed parenting plan. The family court went on to recognize that Father was untimely in complying with the court's May 2, 2024, final divorce order. From there, the family court explained that it was not too great of a leap to assume Father's lack of attentiveness or concern extended to other matters regarding the children. Weighing the facts of the case, the family court concluded that it was not in the children's best interests to grant Father his requested relief. It is from this order that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Father raises five assignments of error on appeal; however, because several are closely related, they will be combined. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

For his first, second, third, and fifth assignments of error, Father argues that the family court improperly weighed the evidence. In support of his argument, he avers that there were multiple issues of concern and numerous findings of fact made by the family court that were incomplete, misleading, or based upon false testimony provided by Mother, in direct contradiction of Father's own testimony. We are unpersuaded by this argument.

This Court cannot set aside a family court's factual findings "unless they are clearly erroneous." *James W. v. Ciara R.*, No. 23-ICA-237, -238, -239, 2024 WL 1740353, at *6 (W. Va. Ct. App. Apr. 22, 2024) (memorandum decision). A finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, in part, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Under the clearly erroneous standard, an appellate court does not reweigh the evidence and cannot reverse a family court's findings simply because it may have viewed the evidence differently. *See Mulugeta v. Misailidis*, 239 W. Va. 404, 408, 801 S.E.2d 282, 286 (2017). Finally, a family court is entitled to deference to the extent it relies on determinations it made of the parties' credibility. *See Thomas E. v. Amy F.*, No. 13-0176, 2013 WL 5708438, at *2 (W. Va. Oct. 21, 2013) (memorandum decision).

Applying these principles to the present case, we cannot conclude that the family court erred or abused its discretion. The family court deemed Mother's testimony that Father has a history of sobriety followed by relapse as credible. The court heard both parties' arguments and properly determined which evidence was salient to the issues being considered and the weight such evidence should be afforded. It is within the province of the family court to determine the weight accorded testimony. *See Mulugeta,* 239 W. Va. at 412, 801 S.E.2d at 290. "A reviewing court cannot assess witness credibility through a record. The [family court] is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v.*

*Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). Though Father may not agree with the credibility determinations made by the family court or its weighing of the evidence, his simple disagreements do not entitle him to relief. Thus, we cannot conclude that the family court's findings were clearly wrong or the court's application of the facts to the law was an abuse of discretion.

For his fourth and last assignment of error, Father contends that the family court erred when it refused to admit a character witness statement from a certified peer recovery support specialist into evidence. We disagree. West Virginia Code § 51-2A-8 (2017) provides that the West Virginia Rules of Evidence apply to family court proceedings. Pursuant to Rule 901(a) of the West Virginia Rules of Evidence, a proponent of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." "The rule is simple and clear: if someone wants to introduce a piece of evidence for consideration, they first have to show the judge proof that the evidence is genuine." *State ex rel. Troy Grp., Inc. v. Sims*, 244 W. Va. 203, 218, 852 S.E.2d 270, 285 (2020) (Hutchison, J., dissenting). Rule 901(b)(1) of the West Virginia Rules of Evidence then states that this can be accomplished through "testimony of a witness with knowledge." Here, the family court rejected Father's character witness statement because there was no witness to authenticate it. Because Father failed to authenticate his document, we cannot find that the family court's decision to exclude the evidence was erroneous or an abuse of discretion, and we find no error on this issue.[3]

---

[3] We note that this decision should not discourage Father from filing another petition for modification in the future if he can provide sufficient evidence illustrating long-term recovery in his rehabilitation journey. The SCAWV has recognized that the passage of time is an important consideration when dealing with the sobriety of a parent following struggles with substance abuse. *See Tevya W. v. Elias Trad V.*, 227 W. Va. 618, 626, 712 S.E.2d 786, 794 (2011) (Workman, J., concurring) ("[T]he duration of time that a person achieves sobriety is a significant factor in recovery, I believe that continued sobriety should be considered as an additional change in circumstances. A parent who has remained sober for nearly five years has a far more powerful claim to a change in circumstances than a parent who has been drug-free for merely a month. Such long-lasting transformations reveal a level of stability and personal advancement that is more deserving of consideration by the family court"). This Court has previously held that sobriety following a period of substance abuse is a substantial change in circumstances. *See Paul L. v. Stephanie L.*, No. 24-ICA-350, 2025 WL 658254 (W. Va. Ct. App. Feb. 28, 2025) (memorandum decision). Thus, the passage of time is an important consideration when dealing with the sobriety of a parent following substance abuse. *See Kane M. v. Miranda M.*, 250 W. Va. 701, 705, 908 S.E.2d 198, 202 (Ct. App. 2024).

While we commend Father's ability to pass the drug screen, the record shows that Father failed to produce any other evidence of sobriety; specifically, no evidence was introduced demonstrating that Father had successfully participated in or completed a long-term recovery program for substance abuse issues, as deemed necessary by the family court.

Accordingly, we affirm the family court's November 20, 2024, final order.

Affirmed.

**ISSUED:** September 30, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White